UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES D. WARREN,

        Plaintiff,

v.                                                   Case number No. 06-12498
                                                   Honorable Julian Abele Cook, Jr.

JO ANNE B. BARNHART,
Commissioner of Social Security,
        Defendant.

ORDER

This case involves a challenge by the Plaintiff, Charles D. Warren, to the rejection of his application for Social Security supplemental income (SSI) and disability insurance benefits (DIB) by the Defendant, Commissioner of Social Security ("Commissioner"). Relying upon the provisions of Rule 56 of the Federal Rules of Civil Procedure, both parties have filed separate motions for summary judgment, with each party proclaiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding.

On June 29, 2007, Magistrate Judge Steven Pepe, to whom these two dispositive motions were submitted for an evaluation, produced a report in which he recommended that the Court (1) grant the Commissioner's motion for summary judgment, and (2) deny Warren's motion for summary judgment. Thereafter, Warren filed an objection to the magistrate judge's report and recommendation, contending that (1) the factual findings by the magistrate judge are not supported by the substantial evidence in the record, (2) the magistrate judge failed to apply the proper legal standards when he sought to determine his claims of disability, and (3) the recommendations by the magistrate judge are erroneous and contrary to law. For the reasons set forth below, this Court

accepts and adopts the recommendations of the magistrate judge in his report.

I.

Warren, while working as an animal handler and laborer for Ringling Brothers Barnum and Bailey, was kicked in the lower back by a camel on March 24, 2002, which caused him to suffer injuries to his back, shoulder and head. A subsequent hospital examination of Warren's injuries disclosed that he had experienced a spinal deterioration of his L4 and L5 areas[1]. On June 17, 2004, Warren applied for SSI and DIB benefits from the Social Security Administration (SSA). However, his application for relief was denied. Warren thereafter sought and subsequently obtained a hearing before an administrative law judge on July 14, 2005.

In a decision dated September 8, 2005, the administrative law judge concluded that Warren was not disabled as that word is defined by the Social Security Act because of his continuing ability to perform a significant range of light work. In his written determination, the administrative law judge found that, even though Warren's degenerative disc disease qualified as a severe impairment, the severity of his condition neither met nor equaled the requirements of any impairment within Appendix 1, Subpart P, of Regulations No. 4 (20 C.F.R. § 404.1520(d)). Thus, the administrative law judge concluded that Warren's allegations regarding the extent and severity of his limitations were not fully credible, noting that the record reflected the administration of a very limited treatment to Warren for his allegedly completely disabling medical condition.

II.

The final decision of the Commissioner is reviewed by a district court in order to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is considered to be more than a scintilla but less than a preponderance. *Richardson v. Perales,* 402 U.S.C. 389,

---

[1] The L4 and L5 areas are vertebrates in the lower back

401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court in Richardson, stated that "[substantial evidence] means such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Secretary of Health and Human Services,* 667 F. 2d 524, 535 (6th Cir. 1981). Accordingly, "findings based on the credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Moreover, the court is obliged evaluate the administrative record as a whole. *Walker v. Secretary of Health and Human Services*, 884 F. 2d 241, 245 (6th Cir. 1989).

III.

In his appeal to this Court, Warren argues that he presented objective medical evidence from his treating physician of degenerative disc disease, arthritis, hepatitis A and C, as well as a significant level of pain, all of which constitutes a listed medical impairment. He also registers his objection to the magistrate judge's report because it contains no discussion of his physical impairment under §1.04 at 20 C.F.R. Part 202, Subpart P, Appendix 1, § 1.04. Warren argues that his medically supported degenerative disc disease and pain clearly satisfies the criteria under §1.04. However, it should be noted that Warren failed to identify this statute in his application for the entry of a summary judgment. Thus, his criticism of the magistrate judge's report on this ground is unfounded. Moreover, he has not provided the Court with any objective findings or documented medical evidence to support his contention. Although Warren points to a medical report which facially supports his claim of a degenerative disc disease, the mere production of a diagnosis does not – standing alone – establish the severity of an impairment. *Young v. Sec'y of Health and Human Services.*, 925 F.2d 146, 151 (6th Cir. 1990). Thus, Warren's reliance on his evidence of a diagnosis of his degenerative disc disease – rather than reliable documented medical findings – is misplaced.

Next, Warren argues that the administrative law judge erroneously found that Warren's complaints of disabling pain were not fully credible. In support of this argument, Warren points to the statements by the administrative law judge and the magistrate judge, both of whom concluded that he had the ability to prepare simple meals, shop, take care of his personal needs, attend church on a regular basis, and visit with friends undermined his testimony about his excruciating and disabling pain. Warren correctly argues that he need not be bedridden in order to establish disability under the Social Security Act. However, Warren appears to have misstated the positions of these two judicial officers. Neither the administrative law judge nor the magistrate judge stated that such social and home-related activities proved that Warren could work. Rather, it was their collective view that his daily activities undermined his complaints of pain. The Sixth Circuit Court of Appeals has also noted that the ability to perform such daily activities as household chores and shopping may be considered by a reviewing judicial officer when attempting to evaluate subjective complaints of an aggrieved party. *See Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001), *Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).

The administrative law judge and magistrate judge also asserted that Warren's allegations of disabling pain were undermined by the paucity of his treatment history, as well as the lack of abnormal objective clinical findings. According to the record, Warren had sought medical treatment only a few occasions, and when he did so, few significant abnormalities were found.

Warren also challenges the administrative law judge's rejection of the opinion of his treating physician, Dr. Peter Cooke, who opined that his patient was "unable to work because of a back injury." A statement which merely describes a petitioner, such as Warren, as being "disabled" or "unable to work" is a conclusory opinion on an issue which is reserved for the Commissioner. Significantly, opinions which address issues reserved that are normally reserved for the

Commissioner are never entitled to controlling weight. 20 C.F.R. §§ 404.1527(e), 416.927(e)(3). In his report and recommendation, the magistrate judge also stated that the Commissioner need not defer or provide special significance to those medical opinions by treating sources on subjects that are reserved to her as the chief administrator of the Social Security Administration. Both the administrative law judge and the magistrate judge noted that Dr. Cooke's opinion was "quite conclusory" and "provides no explanation of the evidence relied on in forming that opinion." (Report and Recommendation at 22.)

Warren also contends that the magistrate judge failed to apply the proper legal standards in determining his disability. To support this argument, Warren once again points to the decision by the magistrate judge not to grant any controlling weight to Dr. Cooke's opinion. Warren submits that the magistrate judge failed to (1) apply the requisite factors when seeking to determine what weight to assign to Dr. Cooke's opinion, and (2) articulate a sufficiency of good reasons for discounting his opinion, as required by 20 C.F.R. § 404.1527(d)(2). The Court does not agree, believing that both of these judicial officers considered and correctly applied the regulatory factors when they evaluated Dr. Cooke's opinion which was inscribed on a prescription pad without any additional explanation or rationale for his conclusion. The medical evidence indicates that Warren's reflexes, sensation, motor function, and straight legal raising were all normal. The x-rays that were ordered by Dr. Cooke revealed only "mild" degenerative changes. Thus, it appears that Dr. Cooke's opinion was inconsistent with his own findings, and inconsistent with other medical evidence. Thus, the rejections of Dr. Cooke's opinion by the Commissioner, the administrative law judge, and the magistrate judge were reasonable and justified under the circumstances.

Finally, Warren argues that his medical impairments do not support a finding that he can perform light work. In his report and recommendation, the magistrate judge concluded:

> Plaintiff does not dispute the fact that he can perform 3,000 to 4,000 jobs as a light janitor in the State of Michigan. Nor does he dispute the fact that he can perform 12,000 jobs as a nighttime janitor in the State of Michigan. Because the ALJ's finding that Plaintiff can perform at least 15,000 to 16,000 jobs in the State of Michigan remains unchallenged, the ALJ's decision should be affirmed for this reason alone. . . .

(Report and Recommendation at 13-14.) Although Warren did not raise this issue in his summary judgment motion, he now contends that his back injuries preclude him from doing most, if not all, light work. Warren insists that he can neither sit nor stand for more than a few minutes due to his severe back pain. He also states that janitorial positions are not light work, but instead are classified as "medium" under the Dictionary of Occupational Titles. However, the vocational expert, who testified during the administrative hearing, identified at least 15,000-16,000 janitorial jobs in the Michigan that required only light exertion which, in turn, could be performed by Warren.

Warren also claims that the magistrate judge's statement that he could work as an automatic car wash attendant is incorrect. Warren asserts that the Commissioner had found that he was unable to perform his past relevant work, which included a job as a car wash attendant. However, in presenting this argument, Warren fails to distinguish between automatic car washes and non-automatic car washes. Employment as an automatic car wash attendant is less physically demanding than those jobs at a non-automatic car wash establishment. Warren has provided no evidence that he could not perform this work.

## VI.

As a result of its review of the official record in this case, the Court is satisfied that the administrative law judge's decision to deny Warren's application was supported by substantial evidence. Hence, and for the reasons that have been stated above, the Court will, and does, (1) adopt the recommendation of the magistrate judge, (2) grant the Commissioner's motion for summary judgment, and (3) deny Warren's request for similar relief.

IT IS SO ORDERED.


Dated: September 27, 2007                s/ Julian Abele Cook, Jr.
       Detroit, Michigan                       JULIAN ABELE COOK, JR.
                                                          United States District Court Judge


Certificate of Service

     I hereby certify that on September 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                             s/ Kay Alford
                                                                             Courtroom Deputy Clerk